IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

               Plaintiff,

vs.                                      Case No. 20-3123-SAC

DOUGLAS COUNTY SHERIFF'S OFFICE,
et al.,

               Defendants.

**O R D E R**

    Plaintiff, pro se, has filed this action on forms for bringing a lawsuit under 42 U.S.C. § 1983. His claims arise from his incarceration at the Douglas County Jail. This case is before the court for screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

    Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

## II. Plaintiff's complaint – Doc. No. 1

Plaintiff alleges that he was attacked by two inmates in his cell at the jail.[1]  He asserts that he warned two jail officers

---

[1] Plaintiff does not allege when the attack occurred.

3

(Officer Ormsby and Officer Blue) and medical staff members that one or both of his attackers were a threat to him.  Plaintiff claims he suffered several injuries, including what plaintiff believes to be a minor stroke, because of the attack.  Plaintiff further claims that he was denied adequate medical treatment for his injuries.  The complaint indicates that plaintiff was given aspirin and Tylenol, but was not taken to the hospital or given x-rays.

The complaint lists three counts.  Count 1 alleges a failure to provide a secure safe environment.  Count 2 alleges a failure to provide proper medical treatment for neck, shoulder and lower back injuries from the attack.  Count 3 alleges a failure to provide proper medical treatment for the minor stroke which affected the left side of plaintiff's body.  Plaintiff names three defendants:  the Douglas County Sheriff's Office; Officer Ormsby; and Officer Blue.

III. The Sheriff's Office is not a proper defendant

Plaintiff is bringing this action under § 1983 which provides for a cause of action against "persons" who, acting under the authority of state law, violate the Constitution or federal law. The Douglas County Sheriff's Office is not an entity which may sue or be sued under the laws of Kansas.  See K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners).  Therefore, this court and others have held

4

that it is not a "person" which may be sued under § 1983. See Brown v. Sedgwick County Sheriff's Office, 513 Fed.Appx. 706, 707-08 (10th Cir. 3/12/2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); Schwab v. Kansas, 2017 WL 2831508 *13 (D.Kan. 6/30/2017)(Riley County Police Department); Johnson v. Figgins, 2013 WL 1767798 *5 (D.Kan. 4/24/2013)(Wilson County Sheriff's Department); Galloway v. Hadl, 2007 WL 1115201 *1 (D.Kan. 4/13/2007)(Douglas County Sheriff's Department); Wright v. Wyandotte County Sheriff's Dept., 963 F.Supp. 1029, 1034 (D.Kan. 1997).

IV. Counts 2 and 3 fail to state a claim for relief against a named defendant.

As the court stated in section II of this order, a § 1983 complaint "must identify specific actions taken by particular defendants." Counts 2 and 3 allege a failure to receive adequate medical care. But, plaintiff's complaint does not identify specific actions taken or refused by particular defendants. Therefore, Counts 2 and 3 fail to state a plausible claim for relief. See Mayfield v. Presbyterian Hospital Administration, 772 Fed.Appx. 680, 686 (10th Cir. 2019)(affirming dismissal of medical mistreatment claims because the complaint does not identify the specific persons who committed the particular acts of mistreatment).

5

V. Conclusion

For the above-stated reasons, the court shall direct that defendant Douglas County Sheriff's Office be dismissed from this case. The court further directs that plaintiff show cause by October 14, 2020 why plaintiff's claims in Count 2 and Count 3 should not be dismissed. In the alternative, plaintiff may file an amended complaint. An amended complaint should contain all the claims plaintiff seeks to bring and name all of the defendants plaintiff wishes to sue.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge